WILLIAM PIERPONT v. T. R. THRELKELD, ADM'R.

In a proceeding under the 119th Section (Hart. Dig. Art. 1228) of the Act of 1848, to regulate proceedings pertaining to the estates of deceased persons, by an administrator to compel the delivery of papers belonging to the estate of his intestate, an objection by the defendant, to the jurisdiction of the Court, or claim of privilege, on the ground that he resides in a different and distant county, is bad.

Where, in a proceeding in the County Court, an objection was taken in the nature of a plea to the jurisdiction, and other objections were taken on the merits, and the County Court sustained the objection to the jurisdiction, and there was an appeal to the District Court, where the judgment was reversed and this judgment was certified to the County Court for observance, neither party demanding a trial *de novo*, on the merits, in the District Court, an appeal from said judgment of the District Court was entertained, and it was held that there was no error in certifying the case back to the County Court, instead of proceeding to try it *de novo*, upon the merits.

Appeal from Calhoun. This was a proceeding in the County Court of Calhoun county, to compel William Pierpont, the appellant, residing in De Witt county, to deliver to the appellee, Threlkeld, the administrator of J. T. Benedict, deceased, papers alleged to belong to the estate of the said deceased.

The appellant, who was defendant below, pleaded to the jurisdiction of the Court, on the ground that being a citizen of De Witt county, he was exempted from this suit, and should not be compelled to answer the complaint.

He pleaded also other matters, viz: that the plaintiff had by writ of sequestration issued from the District Court, seized and taken possession of all the books, papers, &c., claimed in the petition; and further that the defendant has an interest in the property claimed by the plaintiff, and a lien thereon for monies and property advanced by his wife and for services rendered, and has a right to settle and wind up the business, &c.

The County Court sustained the plea to the jurisdiction. On appeal the judgment of the County Court sustaining such

plea was reversed, and this judgment was certified to the County Court for observance and execution.

The cause has been brought to this Court by appeal, and it is assigned for error,

1st. In reversing the judgment of the County Court, sustaining the plea to the jurisdiction.

2nd. In certifying said reversal to the County Court, that the same might be carried into effect.

*Phillips & Phillips*, for appellant.

*F. S. Stockdale*, for appellee.

HEMPHILL, CH. J. This proceeding was instituted under 119th Section, (Article 1228,) of the Act of 1848, to regulate proceedings pertaining to the estates of deceased persons. This Section declares, in effect, that when complaint shall be made in writing to any Chief Justice, that any person has the last will of any testator or intestate, or any papers belonging to the estate of a testator or testatrix, said Chief Justice shall cause such person to be cited to appear before him, either in Term time or in vacation, and show cause why he should not deliver such will to the Court for Probate, or why he should not deliver such papers to the executor or administrator, and upon the return of such citation served, unless such will and papers are so delivered or good cause be shown to the Court for not delivering the same, the Chief Justice, if satisfied that such person had such will or papers at the time of the complaint being filed, may cause him to be arrested and imprisoned until he so deliver them.

It will be perceived that the terms in which the power is granted, are very general, embracing all persons having papers of an estate in their possession without distinction or regard to the place of domicil of such persons. If the jurisdiction of the Chief Justice in probate matters was restricted to the

limits of the county in which a succession is opened, the generality of the phrase in the Section cited might be restrained to persons residing in such county. But the jurisdiction is not thus limited. It extends to the property of the estate wherever situate, and this circumstance favors the construction that the Legislature intended this provision to have a like extent, and to reach papers in the hands of any with whom they may be found. The policy of the provision—or the abuses to which it may be exposed, might be the subject of much comment. The beneficial effects of compulsory process to secure the delivery of the papers of a succession, when these are within any reasonable distance of the Court, are most manifest; but where they are in the hands of a person in a remote county, who disputes the title of the administrator and claims them for himself, the exercise of the power would then be productive of the greatest inconvenience, as it would compel the party to maintain the controversy at a great distance from his home, with perhaps superadded difficulties in producing his evidence or witnesses. The fact, however, that a power may be abused, is no argument against its existence. It is for the wisdom of the Legislature to impose restrictions on the grant, if such be deemed necessary. Until that is done, it must be sustained by the Courts, as it has not been contended or shown to be in violation of the Constitution.

We are of opinion that the County Court had jurisdiction in the premises, and that there was no error in the judgment of the District Court sustaining such jurisdiction.

The next assignment is as to the alleged error in certifying the judgment of the District Court to the County Court, to be carried into effect.

The point intended to be raised by this assignment is, that the District Court having possession of the cause by appeal, should, after reversing the judgment of the County Court, have proceeded to try, and decide the cause upon the merits.

By inspection of the record it will appear that the only question before the County Court was that of jurisdiction.

Pierpont v. Threlkeld.

The answer embraced other matters, but these were not before the County Court. They could not by possibility be subjects for its consideration ; the Court having determined that it had no jurisdiction in the case. The appeal brought up the judgment on that plea. It brought up no other judgment, for none was or could have been given upon the merits, after it was determined that no such case could be entertained by the Court. It is very true that appeals from the County to the District Court must be tried *de novo*, but notwithstanding this may open all the questions in the cause to re-investigation, yet it is neither unreasonable nor illegal to remand for trial on the merits, where there neither were nor could they have been litigated in the previous trial below ; and especially would this form no ground for complaint or reversal, when (as in this case) there was no offer or effort to have the cause tried in the District Court on the merits. The Court in fact did not refuse such trial. It was not asked. No objection was made, at the time, to the judgment remanding the cause ; at least none such appears of record, and upon the whole we are of opinion that there was no error in the judgment of the District Court, and that the same be affirmed.

Judgment affirmed.